**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **SHIRLEY ANDREPONT o/b/o KELLY M. ANDREPONT** | : | **DOCKET NO. 04-0517** |
| **VS.** | : | **JUDGE MINALDI** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of supplemental security income benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

## BACKGROUND

On September 14, 2000, Shirley Andrepont filed an application for Supplemental Security Income (SSI) benefits on behalf of her minor daughter, Kelly M. Andrepont. (Tr. 88-91).[1] Shirley Andrepont alleged that her daughter, whose birth date is June 3, 1984, became disabled as of November 1, 1998, due to unexpected bowel movements and diarrhea. (Tr. 89, 94). The claim was denied at the initial stage of the administrative process. (Tr. 41, 57-60). Thereafter, the Andreponts requested and received a December 11, 2001, hearing before an administrative law judge ("ALJ"). (Tr. 29-40). By decision dated January 23, 2002, the ALJ found that Kelly

---

[1] We do not refer to Kelly Andrepont by her initials because she was already 18 years old at the time of the second administrative hearing. Moreover, Kelly is identified by name in the complaint and in the Commissioner's brief. Kelly Andrepont likely should have filed the instant suit on her own behalf.

Andrepont was not disabled under the Act. (Tr. 46-54). Plaintiff appealed the decision to the Appeals Council. On May 17, 2002, the Appeals Council vacated the ALJ's decision because he did not fulfill his due process obligations regarding claimant's lack of representation. (Tr. 73-74). The Appeals Council remanded the matter for further proceedings. *Id*.

On April 16, 2003, another hearing was held before an ALJ. (Tr. 243-259). However, by decision dated September 23, 2003, the ALJ found that Kelly Andrepont was not disabled under the Act. (Tr. 14-27). Andrepont appealed the decision to the Appeals Council. However, the request for review was denied on December 23, 2003. (Tr. 6-8).

On February 23, 2006, Kelly Andrepont sought review before this court. She contends that the Commissioner erred:

1) by failing to fully and fairly develop the facts;

2) because the ALJ's adult residual functional capacity assessment is not supported by substantial evidence; and

3) because the ALJ improperly applied the medical-vocational guidelines.

Following a Sentence Six remand, delays for briefing, and at least two hurricanes, the matter is now before the court.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However the

Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. It is more than a mere scintilla, and less than a preponderance. *Moore v. Sullivan*, 919 F.2d 901 (5th Cir. 1990). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **DISCUSSION**

During the administrative review process, the claimant turned 18 years old. Accordingly, the ALJ analyzed the claim under the applicable childhood disability standards for the period until she reached 18 years old. (November 1, 1998-June 3, 2002). The ALJ then applied the relevant adult standards from the time claimant reached the age of majority until the date of decision. (June 3, 2002-September 23, 2003); 20 C.F.R. § 416.924(f). We likewise bifurcate our analysis.

I. Childhood Disability

The ALJ found that Andrepont had not engaged in substantial gainful activity since the alleged onset date. (Tr. 26).[2] She further found that Andrepont suffered from severe impairments of ulcerative colitis and knee arthritis. (Tr. 18). However, the ALJ concluded that these

---

[2] The regulations provide for a three-step process for a child seeking benefits. First, the ALJ must determine if the child is engaged in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). If the child is not, then the ALJ determines if the child's impairment or combination of impairments is severe. *See*, 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id.* If there is a finding of a severe impairment, the ALJ must determine whether the impairment(s) meets, equals or is functionally equal in severity to a listed impairment. 20 C.F.R. § 416.924(d).

3

impairments neither met, medically equaled, or functionally equaled a listed impairment. (Tr. 18-26).

Plaintiff raises, in passing, a couple of half-hearted challenges to the ALJ's childhood disability analysis. First, she argues that the non-examining agency physician did not appear to be a pediatrician. Yet, the Childhood Disability Evaluation Form was completed by Billy McKellar, M.D., whose primary specialty is listed as Pediatrics. (Tr. 176-181, 183)

Plaintiff next contends, without explication, that the ALJ failed to fully and fairly develop the facts. We do not discern what additional development was purportedly warranted at the childhood disability level.[3] On the Childhood Disability Evaluation Form, Dr. McKellar indicated that Andrepont had a severe impairment that did not meet, medically equal, or functionally equal any listed impairment. (Tr. 176-181). He further found that she had no limitations in any domain except for Health and Physical Well-being, where she had less than a marked restriction. *Id*., *see also* (Tr. 112-114).[4] Moreover, other than the domain of health and physical well-being, Andrepont's mother did not indicate any limitations in Andrepont's functional abilities. (Tr. 107-115).

Accordingly, we find that there is substantial evidence to support the ALJ's determination

---

[3] Even if plaintiff were able to establish that the ALJ failed to fulfill her duty to adequately develop the record, plaintiff has not established resulting prejudice. *Brock v. Chater*, 84 F.3d 726 (5th Cir. 1996)("To establish prejudice, a claimant must show that [s]he could and would have adduced evidence that might have altered the result.").

[4] Of course, "an ALJ may properly rely on a non-examining physician's assessment when ... those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician." *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoting, *Villa v. Sullivan,* 895 F.2d 1019,1024 (5th Cir. 1990)).

4

that plaintiff was not disabled prior to the age of 18.

II. Adult Disability

The ALJ found at Step Two of the five step sequential evaluation process that Andrepont suffered from severe impairments of ulcerative colitis and bilateral knee arthritis. (Tr. 23). However, the impairments were not severe enough to meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 23-24, 26).

The ALJ next determined that Andrepont retained the residual functional capacity to perform the exertional demands of sedentary work. (Tr. 25-26).[5] Plaintiff complains that the ALJ's residual functional capacity assessment is not supported by substantial evidence. She stresses that the limitations recognized by N. Jooma, M.D., are inconsistent with the ability to perform the full range of sedentary work

On December 14, 2002, Kelly was seen by N. Jooma, M.D., for a consultative physical examination. (Tr. 207-212). Kelly reported severe pain in her knees and ankles bilaterally, left side greater than the right. *Id*. Kelly reported that she had about three to four bowel movements per day. *Id*. She had a normal gait and station. *Id*. She was able to squat and bend without difficulty. *Id*. Dr. Jooma's impression was that Kelly had a history of ulcerative colitis, with her latest flare-up occurring one year earlier. *Id*. Her history of knee pain and tenderness suggested

---

[5] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

5

non-deforming arthritis associated with ulcerative colitis. *Id*. All ranges of motion were normal. *Id*.

On January 9, 2003, Dr. Jooma completed a Medical Source Statement of Abilitiy to do Work-Related Activities (Physical). (Tr. 215-218). He indicated that Kelly could occasionally and frequently lift 10 pounds. *Id*. She could stand and/or walk at least two hours in an eight hour day. *Id*. However, her ability to sit was limited to less than six hours in an eight hour day. *Id*. Pushing and pulling were limited in the lower extremities, and her postural limitations were limited to occasional. *Id*. No other limitations were indicated. *Id*.

Needless to say, Dr. Jooma's finding that Andrepont is unable to sit for six hours in an eight hour day is incompatible with the ALJ's determination that plaintiff retained the residual functional capacity for the full range of sedentary work.[6] Accordingly, the ALJ rejected the limitations imposed by Dr. Jooma because the physical examination was "superficial" and lacked objective testing. (Tr. 24). The ALJ further noted that Andrepont worked 20 hours per week at Blockbuster Video. *Id*. However, there is no evidence that the work required her to sit for six hours in an eight hour period.

The ALJ further emphasized that Andrepont was able to sit for 2 ½ hours at the office of the mental consultative examiner. (Tr. 24). Yet again, this does not establish that she can sit for six hours in an eight hour day. In sum, the ALJ's rationalizations are a far cry from the express discussion of each of the §404.1527(d)(2) factors that is mandated before declining to give any weight to the opinion of a consultative examiner. *See*, 20 C.F.R. § 404.1527(f)(2) and *Trahan v.*

---

[6] *See*, SSR SSR 96-9p ("If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded. ").

*Barnhart*, C. A. No. 02-1136 (W.D. La. 7/2/03). Moreover, even if the ALJ had successfully discounted Dr. Jooma's findings, the record contains no other medical assessment of the limitations caused by plaintiff's impairments. Without the requisite medical assessment or other corroborating evidence, the ALJ's determination that plaintiff retained the residual functional capacity for the full range of sedentary work is not supported by substantial evidence.

Because the foundation for the ALJ's Step Five determination was premised upon a residual functional capacity that is not supported by substantial evidence, we necessarily find that the ALJ's ultimate conclusion that plaintiff was not disabled is also not supported by substantial evidence.[7]

For the foregoing reasons,

IT IS RECOMMENDED that the Commissioner's childhood disability determination be AFFIRMED.

IT IS FURTHER RECOMMENDED that the Commissioner's adult disability determination be REVERSED and REMANDED for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED**

---

[7] Plaintiff's remaining assignment of error can be addressed upon remand.

**PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of May, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE